```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION
```

SARAH RAWLINS, Special              )
Administrator of the Estate of      )
Aubrey Rawlins, Deceased,           )
                                    )
            Plaintiff               )
                                    )
     v.                             )   CIVIL NO. 2:10 cv 156
                                    )
SELECT SPECIALTY HOSPITAL OF        )
NORTHWEST INDIANA, INC.,            )
                                    )
            Defendant               )

## OPINION AND ORDER

This matter is before the court on the Motion for a Stay of Court Proceedings [DE 78] filed by the plaintiff, Sarah Rawlins, on June 11, 2012. For the following reasons, the motions is **DENIED.**

## Background

The plaintiff, Sarah Rawlins, originally filed this matter before the Indiana Department of Insurance on April 30, 2007, alleging medical malpractice. The panel issued an opinion on April 24, 2009. Rawlins proceeded to file a *pro se* complaint in the United States District Court for the Northern District of Illinois. The defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue, and the parties subsequently agreed to transfer the case to the Northern District of

Indiana.  At this time, Attorney Jason Gatzulis entered an appearance for the plaintiff.

On July 19, 2010, the defendant served interrogatories on Rawlins seeking information concerning the exact nature of the malpractice and the identity of the plaintiff's expert witnesses. Rawlins responded and reserved the right to name opinion witnesses in accordance with the court's orders.  The court held a status conference on February 18, 2011, set a discovery deadline of November 30, 2011, and directed the plaintiff to deliver her expert witness disclosures and reports by July 29, 2011.  On April 8, 2011, Rawlins' attorney withdrew his appearance.  On July 22, 2011, Attorney Tracy Coleman entered her appearance for Rawlins and asked to vacate the case management order.  The court set new deadlines, directing Rawlins to deliver her expert witness disclosures and reports by January 31, 2012.  The deadline was extended by agreement of the parties until March 16, 2012. Attorney Coleman withdrew on February 23, 2012.  The plaintiff has proceeded *pro se* since this time, and now requests a stay of the proceedings to amend her complaint, locate an expert, and seek new counsel.

## Discussion

A court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. ***Landis v.***

*North American Co.*, 299 U.S. 248, 254—55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *Walker v. Monsanto Co. Pension Plan*, 472 F.Supp.2d 1053, 1054 (S.D. Ill. 2006). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. *Brooks v. Merck & Co.*, 443 F.Supp.2d 994, 997 (S.D. Ill. 2006); *Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 845 (S.D. Ill. 2006); *George v. Kraft Foods Global*, 2006 WL 3842169 (S.D. Ill. 2006). "Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Abbott Laboratories v. Matrix Laboratories, Inc.*, 2009 WL 3719214, *2 (N.D. Ill. 2009). "The general test for imposing a stay requires the court to 'balance interests favoring a stay against interests frustrated by the action' in light of the 'court's paramount obligation to exercise jurisdiction timely in cases properly before it.'" *SanDisk Corp. v. Phison Electronics Corp.*, 538 F.Supp.2d 1060, 1066 (W.D. Wis.2008) (*citing* *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). The moving party must show good cause to stay discovery.

***Castrillon v. St. Vincent Hospital and Health Care Center, Inc.***, 2011 WL 4538089, *1 (S.D. Ind. 2011) (applying Rule 26(c) good cause standard to motion to stay); ***DSM Desotech, Inc. v. 3D Systems Corp.***, 2008 WL 4812440, *1 (N.D. Ill. Oct. 28, 2008) (same).

Rawlins has been without an attorney since February 23, 2012. She has not explained any efforts she has made to find an attorney or given any reason for her failure to procure one within the past seven months. She also has not explained why she was unable to locate and identify any expert witnesses within the two years the defendant has been seeking this information, nor is it clear why she intends to amend her complaint. The court recognizes the challenges faced by a *pro se* litigant, however, this does not excuse Rawlins from complying with the rules of the court. Rawlins has not demonstrated good cause for her failure to move this case forward within its two year pendency, particularly, the seven months she has been without counsel. The court must weigh its obligation to hear cases in a timely manner, and absent any explanation for why Rawlins has failed to obtain counsel, find expert witnesses, or amend her complaint within the past seven months, it is difficult to accept that Rawlins will complete these tasks within the coming months. The defendant has

an interest in resolving this matter, and the court finds Rawlins' motion is without good reason to stay the proceedings.

_____

Based on the foregoing, the Motion for a Stay of Court Proceedings [DE 78] filed by the plaintiff, Sarah Rawlins, on June 11, 2012, is **DENIED**.

ENTERED this 13th day of September, 2012


                                s/ ANDREW P. RODOVICH
                                   United States Magistrate Judge